Orphans' Court. August 26, 1817.

*Ridgely's Notebook I, 153.*

## ANN CLARKE and ELIZABETH CLARK, Administrators d. b. n. of JOHN CLARK, v. MARY KEAN, MATTHEW KEAN and JOHN STOCKTON, Administrators of Thomas Kean.

Court of Chancery. August 26, 1817.

*Ridgely's Notebook I, 154.*

348

[*Rogers* and *Vandyke* for complainants.  *Read* for defendants.]

THE CHANCELLOR.  The clear rule is that when there has been any unnecessary delay, no demurrer will be allowed.  The case in 3 Bro.C.C. [372] turned upon the question whether the party was in contempt by not having answered in time, but having filed his demurrer after the time for answering was out, but before attachment had been issued.  The Chancellor was of opinion that the defendant might demur at any time till affected by process of contempt.  The doctrine in Harr.Ch.Pr. 416 goes upon the delay; for even after attachment with proclamation, a demurrer may be admitted upon a motion grounded on an affidavit satisfying the court and accounting for the delay.  And so is Gilb.Cas. 71.  In Com.Dig., title "Chancery," D 4, 225, it is said that if the defendant appears upon the proclamation and files his answer, plea or demurrer, he shall be discharged upon the payment of costs, without motion.  By this case it would seem that, even after the process for contempt, the appearance of defendant and filing his answer, plea or demurrer will be received without accounting for the delay or showing that it was necessary; which is contrary, if that case is rightly understood, to all the other authorities.  As to *Galbraith v. McFarlan,* the reasons of it do not appear, and are not recollected by me.  Probably it turned on the delay of the party not accounted for.  Here the delay should be accounted for on affidavit.  It should be satisfactorily shown why the rule was not complied with in time.  The demurrer was not filed until the 20th instant, the day before the Court sat, which was four months after the rule was laid, and one after it expired, and after the writ of attachment was issued.

*Mr. Read* made and filed an affidavit to account for the delay and satisfy the Court.

THE CHANCELLOR. (August 27.) The affidavit filed in this case is not sufficient. I have no doubt of the truth of every word of it; but Mr. Rodney, the counsel's, accepting of an appointment to a place incompatible with his duties as an officer of this Court is not a good or proper ground for excusing the delay. So I have always said and acted when gentlemen of the bar have become members of Congress. As to the party's own engagement—as this case was prior in time, it should have claimed his prior attention. The demurrer must be taken off the files.

*Read.* The motion is made because the attachment issued for a contempt that did not exist. The rule was to appear, plead, answer, or demur. The party had appeared, and yet the attachment issued, or will, for non-appearance of the party as for not answering etc. There is an irregularity in the attachment.

*Rogers.* This is not an attachment simply for non-appearance. It is for not answering. As to non-appearance, that is surplusage.

*Read.* Attachment issued on foundation of matter of record. The order was to plead, answer, or demur. Attachment must conform to the rule on record.

THE CHANCELLOR. The process is not strictly regular, though it appears that the rule to plead was not complied with. I will not set aside the process, but let the party be discharged without costs.